**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MICHAEL G. HAMILTON, | : | |
| | | Case No. 3:08CV0417 |
| Petitioner, | : | |
| | | |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| LONDON CORRECTIONAL | : | |
| INSTITUTION, | | |
| | : | |
| Respondent. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.    INTRODUCTION

Michael G. Hamilton, an inmate in state custody at the London Correctional

Institution brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§2254 challenging his 1991 state court convictions for Rape, Abduction, Assault and

Gross Sexual Imposition.

Hamilton's Petition is before the Court for preliminary consideration as required

by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

Rule 4 mandates dismissal of this case "[i]f it plainly appears" from Hamilton's Petition

or attached Exhibits that he "is not entitled to relief in the district court...."

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II.    SUCCESSIVE PETITION

Petitioner notes that he previously sought relief under 28 U.S.C. § 2254,

challenging the same convictions he now contests in these proceedings. *See Hamilton v.*

*Mack*, Case No. C-3-00-390 (Southern District of Ohio, Western Division). His prior

habeas corpus petition was dismissed on the merits. *See id*. Hamilton's subsequent appeal

of that judgment was rejected by the Sixth Circuit Court of Appeals. *Hamilton v. Mack*,

34 Fed. Appx. 211, 2002 WL 927000 (6th Cir. 2002). Therefore, this action constitutes a

successive petition.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district

court does not have jurisdiction to entertain a successive post-conviction motion or

petition for writ of habeas corpus in the absence of an order from the court of appeals

authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115

F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520

U.S.1203, 117 S. Ct. 1571, 137 L. Ed. 2d 714 (1997). Unless the court of appeals has

given approval for the filing of a second or successive petition, a district court in the Sixth

Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111

F.3d 45, 47 (6th Cir. 1997). Under § 2244(b)(3)(A), only a circuit court of appeals has the

power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v.*

*United States*, 96 F.3d 990 (7th Cir. 1996). That being the case, this Court is without

jurisdiction to entertain a second or successive § 2254 petition unless authorized by the

Court of Appeals. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28U.S.C. § 2244(b)(2). The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims, supra*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id. at 47*; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). Accordingly, this case should be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The Clerk of Court be ORDERED to TRANSFER this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §1631; and,

2.  The case be terminated on the docket of this Court.

December 1, 2008

_____ s/ Sharon L. Ovington _____
Sharon L. Ovington
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).